STERBA, Respondent, vs. KLEVISHA, Appellant.

*May 24—July 1, 1948.*

The cause was submitted for the appellant on the brief of *Bennett & Bennett* of Viroqua, and for the respondent on the brief of *Harry T. Jordan* of Hillsboro.

WICKHEM, J.   It is the contention of plaintiff that defendant hired him to do carpenter work in connection with the building of a house on defendant's premises; that the agreed price of his hire was one dollar per hour and two meals per day

and that there was a balance of $172 due at the time he quit working. Defendant claims that he entered into an oral contract by the terms of which plaintiff agreed to build a house for him; that plaintiff "guaranteed him a good job;" that the house was badly built and that the cost of bringing it into conformance with good building practice would be $750. Defendant counterclaims for this amount.

We have examined the record carefully and while the evidence of plaintiff and defendant is flatly contradictory on most of the essential matters the following facts are either undisputed or could be found by the trial court upon the record: Plaintiff and one William Schroeder were employed to assist in the construction of defendant's house. Each of them was to receive one dollar per hour and two meals per day. Defendant later hired another carpenter at the same rate. All persons working on the house were paid by defendant who also furnished and paid for all materials. Defendant occasionally assisted with the work done upon the house except for a period of two weeks when he was absent helping some of his neighbors thresh grain. There was no agreement as to the price of the house or as to the time when the work was to be completed. Defendant had the right to dismiss any of the persons working on the house and did dismiss a third carpenter. The parties worked without plans or specifications but from a picture of a house which defendant had taken out of a book. The inside plans of the house were changed by defendant at his discretion. The house is faulty in construction. Specifically, the roof sags and this has pushed out the sides of the house so that they are out of plumb. There are other defects of construction. There is testimony to support the trial court's conclusion that the difficulty arose not from improper workmanship but from the failure of defendant to produce proper materials. There is also evidence which the trial court was entitled to believe that plaintiff did no work upon the roof other than nailing on a few shingles and that the carpenter work on the roof was done by the third carpenter employed by defendant.

Upon these facts the trial court properly concluded, (1) that plaintiff was a mere employee who did not contract to assume any of the duties or responsibilities of an independent contractor, and (2) that the defects were caused by a failure of defendant to furnish proper materials and not by faulty workmanship.

The final contention of defendant is that defendant's wife was a necessary party to the foreclosure since the record shows the premises to be the homestead of defendant. This matter was not raised by demurrer or answer and under sec. 263.12, Stats., if an objection is not so interposed defendant waives the objection that there is a defect of parties. In addition to this, the matter was not raised in the trial court and we shall not consider it further here.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.